UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO T. ROBINSON, SR.,<br><br>Plaintiff,<br><br>v.<br><br>UAW INTERNATIONAL EXECUTIVE BOARD,<br><br>Defendant. | Case No. 26-10266<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING PLAINTIFF'S IMPROPER FILING (ECF NO. 30)**

In his amended complaint, Plaintiff Antonio T. Robinson, Sr., proceeding pro se, sues Defendant UAW International Executive Board (IEB) for breach of the duty of fair representation under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. ECF No. 11. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 9.

In April 2026, the Court recommended that Robinson's case be dismissed for failure to state a claim following the IEB's motion. ECF No. 21; ECF No. 14. In addition to filing an objection, Robinson moved for leave to amend his complaint in October 2026, but the Court found his

proposed amendments futile and recommended that the motion for leave be denied. ECF No. 11; ECF No. 23; ECF No. 26. Less than a week later, Robinson filed a proposed "revised second amended complaint" without seeking leave to do so. ECF No. 30.

Robinson's proposed second amended complaint (SAC) was filed well after the periods within which he could file an amended complaint as a matter of right. Fed. R. Civ. P. 15(a)(1).[1] Besides, he already filed an amended complaint as a matter of right; he had no right to file another. *See Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *1 (M.D. Tenn. Mar. 19, 2012) (stating that the Rule 15(a)(1) "right to amend once as of right applies only to initial, not amended pleadings"). Thus, Robinson can amend his complaint "only with the opposing party's written consent or the court's leave." Rule 15(a)(2).

Robinson has failed to show that the UAW consented to his proposed SAC and he filed no motion for leave to amend. Thus, the Court **STRIKES** the filing. ECF No. 30.

[1] "A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 5, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager